UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  4:25 CR 00283 RWS/JMB |
| ) | |
| ) | |
| DAMEON G. CHRISTIAN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on defendant's motion for review of the detention order issued in this case on June 16, 2025 by United States Magistrate Judge Noelle C. Collins.  (Doc. 31).  The United States Attorney opposes the motion.  (Doc. 34).  The defendant is charged with "[transmitting] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another," in violation of 18 U.S.C. § 875(c).  I have reviewed the detention order *de novo* and made an independent determination of pretrial detention or conditions of release by listening to the detention hearing held on May 27, 2025 (Doc. 16), reviewing the bail report submitted by pretrial services (Doc. 25), and considering the briefs and evidence submitted by counsel in connection with this motion.  (Docs. 32, 34, 34-1, 34-2, 34-3).  Having reviewed this evidence and considered the parties' arguments under the relevant authorities, I conclude that the detention order must be upheld and defendant's request for release must be denied.

Following a detention hearing held on plaintiff's motion, Judge Collins determined by a preponderance of the evidence that there were no conditions or combination of conditions of release which would reasonably assure the Court that defendant would appear in court and that clear and convincing evidence demonstrated that the defendant's release would pose a risk of harm to the public. (Doc. 31). Judge Collins noted the following reasons for detention: the weight of the evidence against the defendant is strong; defendant is subject to a lengthy period of incarceration if convicted; defendant's history of alcohol or substance use; defendant's history of violence or use of weapons; and, the defendant's release poses serious danger to any person or the community. *Id.* at 3. Specifically, she cited evidence supporting the fact that, after the Complaint was filed, defendant fired a gun into a victim's home and made incriminating statements that he shot at a victim's church. (Docs. 31 at 4, 34 at 5-6, 34-1). Judge Collins also took note of defendant's history of drug and alcohol use, which if continued could exacerbate his mental health issues and interfere with his ability to appear in court and comply with other conditions of release. (Doc. 31 at 4). Judge Collins concluded that the defendant "presents a serious risk of danger to an identifiable victim, the community at large and to himself." *Id.*

Defendant now argues that I should revoke the detention order, pointing to his lack of criminal history, strong ties to the community, and the fact that the Pretrial

2

Services Office filed a Bail Report recommending bond.  (Doc. 25).  However, I agree with Judge Collins's assessment of the evidence and reach the same conclusions with respect to detention.

Although the defendant urges a different interpretation of his history, I agree with Judge Collins's conclusion that the defendant's "history of violence or use of weapons" warrants detention, particularly because of defendant's escalating threats on Facebook to commit violence against the victims, which were followed by two reported shootings.  (Docs. 34, 34-1, 34-2, 34-3).  I am also not persuaded by the defendant's argument that the "information concerning the shooting investigations" does not support detention.  (Doc. 32 at 7).  This is especially true because, as Judge Collins points out, the Illinois victim identified the defendant as the individual who made repeated threats on Facebook and then fired a gun five times into the victim's home.  (Doc. 31 at 4).  Further, Judge Collins cited GPS information obtained by the government which places the defendant's electronic device near the victim's home at the time of the shooting, and she noted that this was consistent with the victim's home surveillance video showing a man dressed similarly to the defendant.  *Id.*  The defendant also made incriminating statements on Facebook that he shot at a church, and the government confirmed that one of the victims is a pastor at that church.  (Docs. 34 at 4-6, 34-1).  For these reasons, I agree with Judge Collins that the

defendant poses a serious risk of danger to an identifiable victim and the community at large.

I also agree with Judge Collins that defendant's mental health and substance abuse history, including his history of alcohol and serious drug abuse, support an order of detention. Even if, as defendant argues, "he has not used any substances other than alcohol or marijuana in over a year at least," the defendant admitted to pretrial services that he is a daily user of alcohol and had used alcohol within a week of the date of his detention hearing. (Docs. 32 at 7, 25 at 4). The defendant did not report any history of substance abuse treatment. (Doc. 25 at 4). While the defendant has treatment plans in place for his serious mental health conditions, Judge Collins pointed to the impact continued substance use could have on those conditions. (Doc. 31 at 4). Judge Collins also noted defendant's history of suicidal ideation. The defendant reported to pretrial services that he had attempted suicide with a loaded gun only a few months prior to his detention hearing. (Docs. 31 at 4, 25 at 3). Like Judge Collins, I believe the defendant presents a serious risk of danger to himself and others.

After careful consideration of all relevant evidence, I conclude that credible information submitted to me establishes by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the defendant's appearance, that there is clear and convincing evidence that the

defendant's release would pose a risk of harm to the public, and that conditions which restrict defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor defendant's movements or conduct; or any combination of these conditions or others currently proposed or available will not sufficiently ameliorate the risks posed if defendant is released.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for review of detention order and release [32] is denied, the Order of Detention Pending Trial entered on June 16, 2025 is upheld in its entirety, and defendant's request for release is denied.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2025.

5